```
KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA  98101
206-370-5330
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>JILL JENSEN-AMES,<br><br>        Debtor.<br>_____<br><br>MARK C. CHAN and<br>KARL G. KRABER,<br><br>        Plaintiffs.<br><br>v.<br><br>JILL JENSEN-AMES and JOHN DOE<br>AMES, and the marital<br>community composed thereof,<br><br>        Defendants.<br>_____ | Chapter 11<br><br><br><br>Bankruptcy No. 10-14185<br><br><br><br>Adversary No. 10-01618<br><br><br><br><br>**MEMORANDUM DECISION ON**<br>**MOTION FOR SUMMARY JUDGMENT**<br><br>**NOT FOR PUBLICATION** |

This matter came before the Court on March 4, 2011, on the motion for summary judgment filed by plaintiffs Mark Chan and Karl Kraber. Plaintiffs' motion seeks summary judgment that defendants are liable to Mr. Chan in the amount of $50,000 and to Mr. Kraber in the amount of $105,000, plus interest, attorneys fees and costs, and that such obligations are nondischargeable under Bankruptcy

MEMORANDUM DECISION - 1

Code § 523(a)(19).[1] The Court has considered the plaintiffs' pleadings and declarations, as well as the responsive pleadings and declarations filed by defendants Jeremy Ames and Jill Jensen-Ames. For the following reasons, the Court finds that plaintiffs Chan and Kraber are entitled to summary judgment against Ms. Jensen-Ames and her marital community.

## I. JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (J).

## II. FINDINGS OF FACT

The Court makes the following findings of fact.

Defendant Jill Jensen-Ames ("Ms. Jensen-Ames")is a real estate agent who worked with mortgage broker Katherine Swanberg ("Ms. Swanberg"). Declaration of Mark Chan (Dkt. 15, "Chan Decl."), ¶2. Defendant Jeremy Ames is the spouse of Ms. Jensen-Ames. Answer, Dkt. 7, ¶1. Ms. Jensen-Ames and Ms. Swanberg advertised and hosted seminars on investment opportunities. Chan Decl. page 2.

In March 2007, Ms. Jensen-Ames sent to Mr. Chan and Mr. Kraber marketing materials about investing in real property in Nicaragua known as Los Congos. Chan Decl. ¶3 and Declaration of Karl Kraber (Dkt. 15, "Kraber Decl."), ¶3. Neither Mr. Chan nor Mr. Kraber have been to Nicaragua. Chan Decl. ¶5 and Kraber Decl. ¶5. Mr. Chan invested $5,000 in March 2007 and $45,000 in May 2007 toward

---

[1] Unless otherwise indicated, all Code, Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

MEMORANDUM DECISION - 2

an option for a lot in Los Congos. Chan Decl., ¶7. Mr. Kraber paid $105,000 under a Lot Reservation Agreement. Kraber Decl. ¶8; *see also* Lot Reservation Agreement, Kraber Decl., Exhibit B. The record does not include a Lot Reservation Agreement between Mark Chan and Laguna S.A., however, it is undisputed that Mr. Chan invested $50,000 and purchased a lot in Los Congos.

At the time Mr. Chan and Mr. Kraber made their investments, individual lots in the Los Congos Project were not available for purchase because the land had not been short platted and individuals lots did not exist. Chan Decl. ¶8 and Kraber Decl. ¶7, Exhibit I. Although Mr. Chan and Mr. Kraber thought they were investing in particular parcels of property in Los Congos, the agreements reflect that the title to the property would not pass to them. Chan Decl. ¶¶8-11, Kraber Decl. ¶8, Exhibit B. Instead, both Mr. Chan and Mr. Kraber authorized Ms. Swanberg, acting in concert with Ms. Jensen-Ames, to accept title to the lots. Under the Lot Reservation Agreement, the Los Congos lots were to be held and sold by Laguna SA. Kraber Decl., Exhibit B. The Lot Reservation Agreement refers to the bulk sale of 20 lots, and says that "the investors will retain the earnings from the retail sales." Kraber Decl., Exhibit B. There is no document providing for the transfer of any specific parcel of property to Mr. Kraber or Mr. Chan, and no document evidencing that either Mr. Kraber or Mr. Chan had any control over the Los Congos project.

All of the Los Congos investors' funds were placed into a single escrow account for purposes of purchasing the Los Congos properties. Declaration of Jill Jensen-Ames (Dkt. 20, "Jensen-Ames Decl."), ¶6. The funds were transmitted to the developer in a

MEMORANDUM DECISION - 3

single wire transfer. *Id.* The transactional document with "Society Luguna" states that the lots will be sold to Ms. Swanberg for $806,000. Chan Decl., Exhibit D, and Kraber Decl., Exhibit G. The document refers to the "group of investors represented by Katherine Swanberg...." *Id.* None of the investors were individually named. *Id.* In an April 18, 2008, update on the status of the project from Jeffrey Finch to Ms. Jensen-Ames and Ms. Swanberg, the developer describes activities related to permitting and development of the project, and repeatedly refers to the "investor group." Chan Decl., Exhibit E, and Kraber Decl., Exhibit J.

The Los Congos investment offerings were never registered as a security pursuant to RCW 21.20.140. Ms. Jensen-Ames was not a registered securities salesperson under RCW 21.20.040.

The Washington Department of Financial Institutions ("DFI") investigated the Los Congos transaction, and issued a Statement of Charges and Notice of Intent to Enter an Order to Cease and Desist on December 23, 2009. Declaration of Bridget Shaw (Dkt. 15, "Shaw Decl."), Exhibit A. Ms. Jensen-Ames entered into a Consent Order with DFI under which she neither admitted nor denied the findings and conclusions contained in the Statement of Charges. Shaw Decl., Exhibit B. The Consent Order incorporates by reference the Statement of Charges. Shaw Decl., Exhibit B, p. 1. The Statement of Charges includes the following conclusions of law:

> (1) The offer and/or sale of Los Congos investment opportunity constitutes the offer or sale of a security as defined in RCW 21.20.005(10) and (12). The investment opportunity meets the definition of an investment contract.

MEMORANDUM DECISION - 4

> (2) The offer and/or sale of said securities violated RCW 21.20.140, the securities registration provision of the Securities Act, because Laguna S.A. offerings were not registered in the State of Washington.
>
> (3) The offer and/or sale of said securities was made in violation of RCW 21.20.040, the provision of the Securities Act which requires registration of securities salespersons and broker-dealers, because Respondents [including defendant Jensen-Ames] sold securities while not registered as a securities salesperson or broker-dealer in the State of Washington.

Shaw Decl., Exhibit A. DFI focused on the fact that Laguna SA was to retain title to the Los Congas properties in reaching its conclusion that the transaction was an investment. Shaw Decl., Exhibit A, pp. 2-5.

Ms. Jensen-Ames filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 15, 2010. Case No. 10-14185, Dkt. 1. The Consent Order with DFI was executed by Ms. Jensen-Ames on May 20, 2010, after the bankruptcy case was filed. On July 23, 2010, Ms. Jensen-Ames filed a motion in her bankruptcy case for approval of the settlement with DFI. Ms. Jensen-Ames attached a copy of the Consent Order to the motion. Case No. 10-14185, Dkt. 44, Exhibit B. In the motion, Ms. Jensen-Ames summarized the charges against her in the Statement of Charges, and stated that she disputed the charges but determined that it was in her interest to settle the matter rather than incur significant legal fees in contesting the charges. Case No. 10-14185, Dkt. 44, pp. 2-3. On September 10, 2010, this Court entered an order approving the settlement by way of the Consent Order. Case No. 10-14185, Dkt. 56.

There is no evidence that the Consent Order was executed by the DFI, or that it was filed with any other court. Jensen-Ames

MEMORANDUM DECISION - 5

Decl., ¶12.

## III. CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, and the reasons stated in the Court's analysis with respect to the claim of Terry Smith in its Memorandum Decision on Motion for Summary Judgment filed in *Gelber, et al. v. Jensen-Ames, et al.*, Adversary No. 10-01684, Dkt. 27, which is incorporated herein as a matter of law, the Court concludes that Plaintiffs Chan and Kraber are entitled to summary judgment against Ms. Jensen-Ames and her martial community for amounts dictated under RCW 21.20.430(1). Plaintiffs may submit an order consistent with this ruling.

DATED this 11th day of April, 2011

*[signature]*
_____
Judge Karen A. Overstreet